# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CELTNIEKS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist NICHOLAS A. OSBORNE**
**United States Army, Appellant**

ARMY 20160285

Headquarters, United States Army Central
Christopher T. Fredrikson, Military Judge
Colonel Kevin K. Robitaille, Staff Judge Advocate

For Appellant: Colonel Mary J. Bradley, JA; Major Christopher D. Coleman, JA; Captain Patrick J. Scudieri, JA (on brief).

For Appellee: Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA; Major Michael E. Korte, JA (on brief).

25 May 2017

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of attempted sexual assault of a child in violation of Article 80, Uniform Code of Military Justice, 10 U.S.C. § 880 (2012) [hereinafter UCMJ]. The convening authority approved the adjudged sentence of a dishonorable discharge, confinement for twelve months, and reduction to the grade of E-1.

This case is before us for review under Article 66, UCMJ. Appellate defense counsel assigns one error to this court, and appellant personally raises matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). After due consideration, we find the assigned error warrants discussion and relief; the matters raised under *Grostefon* are without merit.

**LAW AND DISCUSSION**

The convening authority took action 245 days after the sentence was adjudged. The record in this case consists of 2 volumes, and the trial transcript is 130 pages. It took sixty-seven days after the convening authority's action for this court to receive the record of trial and docket appellant's case. The government provided no explanation in its post-trial submissions for this delay.

There is a presumption of unreasonable delay where the convening authority's action is not taken within 120 days of the completion of trial, or where a record of trial is not docketed by the service Court of Criminal Appeals within thirty days of the convening authority's action. *United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006). Post-trial delay in the administrative handling and forwarding of the record of trial and related documents to an appellate court is the "least defensible" type of post-trial delay and "worthy of the least patience." *United States v. Dunbar*, 31 M.J. 70, 73 (C.M.A. 1990).

Although we find no due process violation in the post-trial processing of appellant's case, we must still review the appropriateness of the sentence in light of the dilatory post-trial processing. UCMJ art. 66(c); *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002) ("[Pursuant to Article 66(c), UCMJ, service courts are] required to determine what findings and sentence 'should be approved,' based on all the facts and circumstances reflected in the record, including the unexplained and unreasonable post-trial delay."). *See United States v. Collazo*, 53 M.J. 721, 727 (Army Ct. Crim. App. 2000). Under the circumstances, we find relief from this court is appropriate and provide such in our decretal paragraph.

**CONCLUSION**

Upon consideration of the entire record, the findings of guilty are AFFIRMED. Given the dilatory post-trial processing, however, we affirm only so much of the sentence as provides for a dishonorable discharge, eleven months confinement, and reduction to the grade of E-1. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of his sentence set aside by this decision, are ordered restored. *See* UCMJ arts. 58b(c), 75(a).

FOR THE COURT:

JOHN P. TAITT
Chief Deputy Clerk of Court